UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

   - against -

BAYRON RUIZ RUIZ,

                Defendant.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
17-CR-00172
19-CV-06973

GLASSER, Senior United States District Judge:

On December 11, 2019, defendant Bayron Ruiz Ruiz requested that this Court exercise ancillary jurisdiction over a fee dispute with his former counsel, Irwin Lichter.  Ruiz claims that Lichter abandoned his legal representation and should be ordered to return approximately $153,000 in legal fees.  Without ruling on any of these issues, the Court held a hearing on December 20, 2019, where Ruiz and Lichter both testified.  As set forth below, the Court declines to exercise ancillary jurisdiction.

## DISCUSSION

Although federal courts may exercise ancillary jurisdiction over fee disputes arising from criminal cases, the exercise of that jurisdiction is discretionary.  *See, e.g., Levitt v. Brooks*, 669 F.3d 100, 103 (2d Cir. 2012) ("It is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action." (citation omitted)).  Courts typically find jurisdiction where the dispute emerges from events in the criminal case, or the facts are within the court's knowledge.  Here, neither is true.  As the December hearing confirmed, Ruiz's request involves a number of disputed facts that are beyond the scope of his criminal case and this Court's ancillary jurisdiction.

None of the authorities relied upon by Ruiz suggest otherwise.  In *Garcia v. Teitler*, the court exercised jurisdiction over a narrow issue concerning an attorney's failure to advise two

1

criminal defendants of the conflicts caused by their joint representation. No. 04 CV 832 (JG), 2004 WL 1636982, at *7 (E.D.N.Y. July 22, 2004). There, the court was well aware of the conflict and previously held a *Curcio* hearing on the matter. *Id.* Unlike *Garcia*, Ruiz's dispute presents complicated—and largely unresolved—facts, including several meetings between Lichter and Ruiz at a Guatemalan prison, multiple foreign witnesses and potential parties, and unverified sums of cash. These facts militate against exercising ancillary jurisdiction.

Ruiz's motion also does not implicate the same concerns that prompted the exercise of jurisdiction in *United States v. Weissman*, No. S2 94 CR. 760 (CSH), 1997 WL 334966 (S.D.N.Y. June 16, 1997). In *Weissman*, the fee dispute was "intimately intertwined with the comportment of the [criminal] case" and threatened to affect the timing of post-trial motions and sentencing. *Id.* at *7. Ruiz, on the other hand, has not shown that this Court's adjudication of the fee dispute is necessary to efficiently resolve his criminal case. Instead, the dispute more closely resembles *Fermin v. Moriarty*, where the court declined to exercise ancillary jurisdiction because the claims extended beyond the criminal case and involved a "complex issue of state law." No. 96 Civ. 3022 (MBM), 2003 WL 21787351, at *7 (S.D.N.Y. Aug. 4, 2003).

The Court also notes that the monies Ruiz allegedly paid to Lichter, and now seeks to recover, are evidently the proceeds of drug trafficking—the crime to which Ruiz pleaded guilty and is now awaiting sentence. In essence, the Court is being asked to retrieve for him the proceeds of his drug trafficking, which the following colloquy makes clear:

> THE COURT: So you were dealing in drugs from 2010 to 2017; seven years.
>
> THE DEFENDANT: Yes.
>
> THE COURT: That is all you did, was deal in drugs. You had no other employment. That was your business.
>
> THE DEFENDANT: I did have other things to do, too. But I was involved with this, yes.

\*\*\*

> THE COURT: What I was really getting at, the other issue that is before us, the $130,000 in drug proceeds.
>
> MR. SCHACHT: I think the substantial amount of that certainly was. Part of it may be his relatives' money. I have not done a searching inquiry of that.

(1/7/20 Tr. 28:20–29:8). The role the defendant now asks the Court to play is a role the Court regards as unseemly.

## CONCLUSION

For the foregoing reasons, Ruiz's motion is **DENIED** and his motion for an accounting of legal fees paid to Lichter is **DENIED** as moot. Accordingly, the Clerk of Court is directed to close the civil case (19-CV-06973).

SO ORDERED.

Dated:   Brooklyn, New York
         June 19, 2020

/s/
I. Leo Glasser                                U.S.D.J.

3